UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| BRADLEY PRUITT, | ) | |
|---|---|---|
| *Plaintiff*, | ) | Case No. 3:23-cv-344 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| SPECIALIZED LOAN SERVICING, | ) | Magistrate Judge Jill E. McCook |
| | ) | |
| *Defendant*. | ) | |

**ORDER**

Before the Court is Plaintiff Bradley Pruitt's responses to the Court's 56(f) notices (Docs. 19, 21) that it was considering entering summary judgment on the claims alleged in his complaint (Doc. 1-2). *See* Fed. R. Civ. P. 56(f)(3) (providing that a court may, upon notice and an opportunity to respond, "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."). Specifically, the Court questioned "whether any of Plaintiff's allegations amount to legally cognizable causes of action." (Doc. 19, at 2.) The Court noted that "Plaintiff does not cite any Tennessee or Federal statute or caselaw which would allow him to avoid paying the debt that he acknowledges that he took on and has not paid." (*Id.*) Plaintiff was ordered to respond on or before November 3, 2023. After considering Plaintiff's first response, the Court found that "[n]othing Plaintiff provided in his response . . . changed the Court's analysis." (Doc. 21, at 1.) In light of Plaintiff's *pro se* status, the Court gave Plaintiff one final chance to respond, which Plaintiff did on November 17, 2023. (Doc. 22.)

In his first response, Plaintiff simply reasserts the theory he offered to the Court during the preliminary injunction hearing: that he does not have to pay his home loan, because he signed "accepted" on a monthly mortgage statement he received from the owner of the debt, Defendant Specialized Loan Servicing ("Defendant"). (Doc 19, at 1.) Plaintiff states his claims are based on his interpretation of "Black's Law and Burton's Legal Thesaurus" and that "[he] relied on legal principles such as 'Notice,' 'Offer and Acceptance' and 'Estoppel.'" (*Id.* at 2.) Plaintiff asks the Court to "consider these legal principles and [his] actions based on them." (*Id.*) However, Plaintiff again fails to cite any statute or case law which give rise to a cause of action or support his theory that he can avoid a debt by signing a bill as "accepted." And he offers no factual allegations that would, under any legal theory, relieve him of the debt: Plaintiff merely asserts that he signed a monthly mortgage statement, wrote "accepted" on it, and returned it to Defendant. (*Id.* at 1.) In Tennessee, a contract can be modified only if both parties agree to the modification ("mutual assent") and the modification is supported by consideration. *GuestHouse Int'l, LLC v. Shoney's N. Am. Corp.*, 330 S.W.3d 166, 190 (Tenn. Ct. App. 2010). Here, Plaintiff points to no mutual assent or consideration. No reasonable jury could find that a standardized monthly loan statement constituted an offer to relieve Plaintiff of $200,000 in debt in exchange for his signature. Furthermore, Plaintiff cannot unilaterally modify the contract simply by signing "accepted." *See Jamestowne on Signal, Inc. v. First Fed. Sav. & Loan Ass'n*, 807 S.W.2d 559, 564 (Tenn. Ct. App. 1990) ("The contemplated mutual assent . . . cannot be accomplished by the unilateral action of one party, nor can it be accomplished by an ambiguous course of dealing between the two parties from which differing inferences regarding continuation or modification of the original contract might reasonably be drawn."). Finally, Plaintiff did not give consideration to support a modification. Plaintiff would have gained a complete satisfaction

of the loan obligation while Defendant would have gained nothing. *See GuestHouse*, 330 S.W.3d at 190 (noting that for there to be consideration for a contract modification "each party must gain or lose something by the change.").

In his second response, Plaintiff alleges that "Defendant has failed to provide admissible, authenticated evidence of a signed bilateral contract or proof of debt." (Doc. 22.) This argument is entirely without merit, as Plaintiff is well aware. Defendant has provided both Plaintiff and the Court with a valid notice of default and the signed contract.[1] (*See* Docs. 9-1, 9-2, 9-3.) Moreover, during the hearing on Plaintiff's motion for a preliminary injunction, Plaintiff acknowledged that he signed the mortgage paperwork and took on a debt:

> Court: [A]re you representing to me that you did not sign those [mortgage] documents?
> Plaintiff: No, sir.
> Court: Do you acknowledge that you signed the [mortgage] documents that were shown?
> Plaintiff: Yes, sir . . . I've recognized the liability. There's no argument that -- I'm not standing here saying that I did not owe a debt.

(Transcript at 40–41.) Plaintiff also stated unequivocally that he did not pay the mortgage. (*Id.* at 54 ("I never said I have paid my mortgage. I'm not here saying I've paid my mortgage.")). Furthermore, Plaintiff acknowledged in the "Non-Negotiable Notice of Recission" he provided the Court on October 13, 2023, that he "create[ed], sign[ed], and presented[ed] the original Deed of Trust." (Doc. 14-1, at 18.) Plaintiff cannot deny the existence of a valid contract now.

Plaintiff's claims are utterly baseless, both in law and in fact – even taking Plaintiff's assertions of fact to be true. Allowing this sham lawsuit to progress further wastes the resources of all involved and encourages Plaintiff's misuse of the courts for the purposes of harassment,

---

[1] In his second response, Plaintiff argues for the first time, "Defendant's pursuit of foreclosure, lacking authenticated proof of contract and debt, violates the Fair Debt Collection Practices Act (FDCPA)." (Doc. 22, at 1.) Plaintiff does not explain how Defendant's notice is deficient nor is there any proof that it is. (*Id.*) The notice Defendant provided fully complies with the FDCPA's requirements. (Doc. 9-1); 15 U.S.C. § 1692g.

delay, needless litigation, and frivolous argument. As a result, Plaintiff's claims are

**DISMISSED WITH PREJUDICE**. Plaintiff's motions for an injunction (Docs. 20, 22) are

**DENIED AS MOOT**. The Clerk is **DIRECTED** to close this matter.

SO ORDERED.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**